## Fourth Department, December, 1971

### (December 2, 1971)

■ Northwest Quadrant Pure Waters District No. 1, Respondent, v. Payne Beach Association, Inc., et al., Defendants, and Marion G. Hanna, Appellant.— Order unanimously affirmed, without costs. Memorandum: The trial court correctly concluded that plaintiff had been unable to agree with the defendant owner on a price to be paid for the interest plaintiff sought to acquire in defendant's property (Condemnation Law, § 4, subd. 5) and that there was no evidence of bad faith in connection with his offer. We should note in affirming, however, that section 4 of the Condemnation Law is construed most strictly against the condemnor (Iroquois Gas Corp. v. Jurek, 30 A D 2d 83) because a condemnation proceeding is recognized as the equivalent of a forced sale (Chester Litho, Inc. v. Palisades Interstate Park Comm., 27 N Y 2d 323, 325). In a condemnation proceeding there must be no uncertainty in either the description of the property to be taken nor in the degree of interest to be acquired. Before plaintiff is allowed to proceed with its condemnation such interest must be definitely ascertained (City of Plattsburgh v. Kellogg, 254 App. Div. 455, 457) since the defendant owner is entitled to know with reasonable certainty what interest in his property is being taken (Matter of Long Is. Lighting Co., 272 App. Div. 915). There is no dispute that plaintiff's petition contains an accurate metes and bounds description for a rectangular piece of defendant's lot over which plaintiff desires an easement to construct a tunnel 100 feet underground

for sanitary sewer purposes. However, with respect to the interest to be acquired the petition further alleges that the interest sought is "easements for sanitary sewer purposes and tunnel construction and maintenance including, *but not limited to,* sewer pipe, water main, electric and telephone lines and service road which the Administrator deems necessary" (italics supplied). The trial court correctly concluded that this described the interest to be acquired with reasonable certainty (Condemnation Law, § 4, subd. 2). It must be construed here to be a total taking. Because of the unlimited use to which the owner's premises may be put, the extent of the contemplated invasion was clearly conveyed to the defendant. (Cf. *Bell Tel. Co.* v. *Parker,* 187 N. Y. 299.) Under these circumstances, the owner is entitled to be compensated on the basis of what the condemnor has a right to do under the terms of the taking (cf. *Morton* v. *State of New York,* 8 A D 2d 49, 52) which, in this instance, is all-encompassing (*Wolfe* v. *State of New York,* 22 N Y 2d 292, 295; *Wayside Nurseries* v. *State of New York,* 36 A D 2d 212.) (Appeal from order of Monroe Trial Term, in proceeding pursuant to section 24 of the Condemnation Law.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Cardamone, JJ.