■ Town of Webb, Respondent, v Sisters Realty North Corp. et al., Appellants, and F. Eugene Romano et al., Respondents.—Order insofar as appealed from unanimously modified on the law and as modified affirmed with costs to appellants, in accordance with the following memorandum: The court erred in denying respondents' motion to amend an order of condemnation covering a large tract of land near Old Forge in the southern Adirondacks; thus, the first and third ordering paragraphs of the order on appeal must be vacated. Petitioner acquired the land by eminent domain for snowmobiling and other recreational uses, but failed to provide a sufficiently precise metes and bounds description of the property *(cf., Drew v Swift,* 46 NY 204).

A metes and bounds description is a description of land whose boundaries are indicated by a series of "calls", each of which is composed of a course or direction and a distance, starting at a beginning point and closing at the same point. The beginning point may be established by a monument or may be derived by reference to a nearby monument (6A Powell, Real Property ¶ 899 [2], at 81A-94—81A-95; *see also,* Pedowitz, Real Estate Titles, at 205-209 [NY St Bar Assn 1984]). It is well established that in a condemnation case there must be no uncertainty in the description of the property to be taken and that the property to be taken must be ascertainable from the description in the petition itself without resort to extrinsic evidence *(Bell Tel. Co. v Parker,* 187 NY 299, 303).

The description used here begins at the corner of a lot that has never been surveyed and most of the courses and distances are expressed in terms of lot lines, without any reference to angles, specific distances, or physical monuments. Further, the description at several points fails to describe a course or distance but merely refers to boundaries set forth in deeds. There are also exceptions described in terms of deeds. Those parts of the perimeter and exceptions cannot be located definitely from the acquisition map and the description, as required by EDPL 402 (B) (3) (b) and (c).

The lack of precision of this description is also manifested in the fact that the acquisition map indicates that parcel I, including the railroad, consists of about 7,510 acres, yet in 1985, when the same parcel was licensed for use by petitioner, the parties agreed that the premises consisted of about 8,400 acres. Although the town's attorney has averred that any surveyor or anyone familiar with the property could locate the beginning point, no surveyor or appraiser has so stated. The condemnees' appraiser has averred that he cannot prepare an accurate appraisal without being able to ascertain the exact quantity of land being taken.

We do not reach petitioner's arguments concerning waiver and timeliness because they are raised for the first time on appeal. The court having denied respondents' motion to fix a valuation date, there is no determination of that issue before us to review. (Appeal from order of Supreme Court, Herkimer County, Shaheen, J.—condemnation.) Present—Dillon, P. J., Doerr, Pine, Lawton and Davis, JJ.