■ Darryl V. Talley et al., Appellants, v John Baker et al., Respondents. [617 NYS2d 80] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Supreme Court properly granted defendants summary judgment because plaintiffs failed to raise an issue of fact in response to defendants' showing that the use of the disputed property was not open and notorious, continuous and uninterrupted for the prescriptive period (see, Reed v Piedimonte, 138 AD2d 937, lv denied 72 NY2d 803). Plaintiffs also failed to establish a likelihood of success on the merits and therefore were not entitled to a preliminary injunction (see, Aetna Ins. Co. v Capasso, 75 NY2d 860).

The title insurance policy issued by defendant Monroe Abstract & Title Corporation (Monroe Abstract) to plaintiffs insured ingress and egress as provided for in three easement agreements encumbering the property. The agreements referred to in the policy did not encompass the property alleged by plaintiffs to be subject to a prescriptive easement. Therefore, Monroe Abstract had no obligation to prosecute this action on plaintiffs' behalf.

Although the court properly disposed of the merits of plaintiffs' claim, it erred in dismissing the action rather than issuing a declaration in favor of defendants (see, Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954; Pless v Town of Royalton, 185 AD2d 659, 660, affd 81 NY2d 1047). We, therefore, modify the order appealed from by reinstating the action and granting judgment declaring that plaintiffs are not entitled to a permanent easement by prescription over the disputed land and that Monroe Abstract was not required to prosecute this action on plaintiffs' behalf. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.