Technology for Measurement, Inc., Respondent, v Gary J. Briggs, Appellant. [737 NYS2d 197] —Appeal from an order of Supreme Court, Onondaga County (Murphy, J.), entered November 29, 2000, which, inter alia, denied defendant's motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying plaintiff's cross motion in its entirety and as modified the order is affirmed without costs.

Memorandum: Plaintiff, a manufacturer's representative, commenced this action seeking a permanent injunction to enforce a covenant not to compete and damages for the alleged breach of that covenant. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), and plaintiff cross-moved for summary judgment seeking a permanent injunction. In a written decision, Supreme Court denied defendant's motion and granted plaintiff's cross motion to the extent of granting plaintiff a preliminary injunction, but the

court's order fails to mention plaintiff's cross motion. "Where there is a conflict between an order and a decision, the decision controls" (*Matter of Edward V.,* 204 AD2d 1060, 1061).

The court properly denied defendant's motion. With respect to that part of the motion seeking dismissal of the complaint based on documentary evidence (*see,* CPLR 3211 [a] [1]), "dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez,* 84 NY2d 83, 88; *see, Roth v Goldman,* 254 AD2d 405, 406). Here, the complaint alleges that defendant breached the parties' employment agreement, and the documentary evidence upon which defendant relies is the employment agreement itself. Defendant contends that his employment with a different employer selling to plaintiff's customers within his former geographic sales territory does not constitute a violation of the agreement. We disagree. Section XV (4) (a) (1) of the employment agreement prohibits defendant from acting as a sales agent "for the firms and companies which [plaintiff] currently has under contract as set forth in Schedule B." Schedule B lists sales territories that include Massachusetts, Rhode Island, and Connecticut. With respect to that part of the motion seeking dismissal based on the failure to state a cause of action, defendant also failed to establish his entitlement to dismissal on that ground (*see, MRI Mgt. Recruiters of Mohawk Val. v Cowan,* 277 AD2d 921).

We agree with defendant, however, that the court erred in granting plaintiff a preliminary injunction where, as here, plaintiff failed to establish a likelihood of success on the merits with respect to the enforceability of the restrictive covenant (*see generally, Grant Co. v Srogi,* 52 NY2d 496, 517; *Maltby v Harlow Meyer Savage,* 223 AD2d 516, 517, *lv dismissed* 88 NY2d 874). "While restrictive covenants tending to prevent an employee from pursuing a similar vocation after termination of employment are, as a general rule, disfavored by the courts, they will be enforced if they are reasonably limited temporally and geographically, necessary to protect the employer's legitimate interests, and neither harmful to the general public nor unduly burdensome to the employee" (*Asness v Nelson,* 273 AD2d 165, 165; *see, BDO Seidman v Hirshberg,* 93 NY2d 382, 389; *Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499). Plaintiff failed to establish that the restrictive covenant was reasonable in scope or necessary to protect its legitimate interests. In addition, plaintiff's conclusory allegations fail to establish that irreparable harm will result if the preliminary injunction is not granted (*see, Genesis II Hair*

*Replacement Studio v Vallar,* 251 AD2d 1082, 1083). We therefore modify the order by denying plaintiff's cross motion in its entirety. Present—Hayes, J.P., Wisner, Hurlbutt, Burns and Lawton, JJ.