■ MONSTERHUT, INC., Respondent, v PAETEC COMMUNICATIONS, INC., Appellant. [741 NYS2d 820] —Appeal from an order of Supreme Court, Niagara County (Lane, J.), entered August 27,

2001, which, inter alia, denied defendant's cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying plaintiff's motion, granting defendant's cross motion and granting judgment in favor of defendant as follows: "It is ADJUDGED and DECLARED that defendant is not in violation of the agreement and may terminate the agreement in response to plaintiff's sending of unsolicited, mass, commercial e-mail in breach of the agreement" and as modified the order is affirmed without costs.

Memorandum: Plaintiff, a marketing company that uses the Internet for advertising, entered into an agreement with defendant, an Internet service provider, to obtain Internet access services. The agreement incorporates defendant's Acceptable Use Policy, which provides that a subscriber, here, plaintiff, is in violation of the agreement if it engages in "spamming," defined as "[u]nsolicited, commercial mass e-mailing." Shortly after defendant began providing Internet access services to plaintiff, it notified plaintiff of its intention to terminate the agreement based upon plaintiff's spamming. Plaintiff commenced the instant action seeking declaratory relief and an injunction preventing defendant from terminating the agreement.

Supreme Court erred in granting plaintiff's motion for a preliminary injunction. Plaintiff failed to establish a likelihood of success on the merits (*see* Technology for Measurement v Briggs, 291 AD2d 902; *Talley v Baker,* 207 AD2d 967), irreparable harm if the preliminary injunction is not granted (*see Technology for Measurement*, 291 AD2d at 903) or lack of an adequate remedy at law (*see Matter of Camp Scatico v Columbia County Dept. of Health,* 277 AD2d 689, 690). Contrary to defendant's contention, however, the court did not improvidently exercise its discretion in fixing the amount of the undertaking. The amount of the undertaking is reasonably related to the amount of damages defendant established that it might suffer "by reason of the injunction" (CPLR 6312 [b]; *see Blueberries Gourmet v Aris Realty Corp.,* 255 AD2d 348, 350).

We further conclude that the court erred in denying defendant's cross motion for summary judgment seeking declaratory relief. Defendant established as a matter of law that the agreement prohibits spamming and that neither the two percent complaint limit contained in Addendum 1A, paragraphs 1.4 and 1.5 nor the 30-day notice and cure provision of paragraph 3 applies to spamming. Defendant further established as a

matter of law that plaintiff had breached the agreement by engaging in spamming. Plaintiff failed to raise a triable issue of fact. Its submissions in opposition to the cross motion amount to nothing more than "mere conclusions, expressions of hope or unsubstantiated allegations or assertions" that it will be able to prove that it did not engage in spamming (*Zuckerman v City of New York,* 49 NY2d 557, 562).

We therefore modify the order by denying plaintiff's motion, granting defendant's cross motion and granting judgment in favor of defendant declaring that defendant is not in violation of the agreement and may terminate the agreement in response to plaintiff's sending of unsolicited, mass, commercial e-mail in breach of the agreement. Present—Pigott, Jr., P.J., Green, Wisner, Scudder and Kehoe, JJ.