Appeal from that part of an order and judgment (one document) of Supreme Court, Onondaga County (Centra, J.), entered January 21, 2003, that granted the motion of defendant Lampf, Lipkind, Prupis & Petigrow, PA. for summary judgment and dismissed the complaint against it.
It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.
Memorandum: Plaintiff, a purchaser of accounts receivable, *970 commenced this action against defendant Lampf, Lipkind, Prupis & Petigrow, PA. (Lampf), alleging that Lampf had failed to make payments on a certain invoice that plaintiff had purchased from nonparty National Staffing, Inc. (National). Prior to the default, plaintiff and National jointly executed and sent to Lampf a “Blanket Notice of Payment Redirection” letter. The redirection letter concerned “payment of all current and future amounts owed by you to National,” and informed Lampf that plaintiff “has or may acquire” all rights in National’s invoices payable by Lampf. The redirection letter further notified Lampf to direct all future payments to National to plaintiff’s post office box address. That post office box was listed as plaintiffs address in the footer of the redirection letter, and the letter was signed by officers of both plaintiff and National and appeared on plaintiffs letterhead. Lampf moved for summary judgment dismissing the complaint against it on the ground that it had sent a check payable to National to plaintiff’s post office box address, as the redirection letter instructed. In opposition, plaintiff contended that it never received the payment, and that the payment was diverted by someone at National. Supreme Court granted Lampf s motion, and we affirm.
As a preliminary matter, we conclude that the redirection letter was sufficient to place Lampf on inquiry notice that there had been an assignment of its account from National to plaintiff because the letter reasonably identifies the rights to be assigned and notifies Lampf to direct payment to plaintiffs address (see UCC 9-406; Hamilton Group [Del.] v Federal Home Loan Bank of N.Y., 1 AD3d 973 [2003]). Nonetheless, the court properly granted the motion of Lampf for summary judgment dismissing the complaint against it. Lampf met its initial burden of establishing entitlement to judgment as a matter of law through the affidavit of an employee who averred that she personally prepared the check and mailed it to the address indicated on the redirection letter. The unsworn statement of plaintiffs employee is insufficient to raise an issue of fact (see Barbarulo v Allery, 271 AD2d 897, 899 [2000]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Present—Green, J.P., Wisner, Hurlbutt, Kehoe and Hayes, JJ.