Appeal from an order of Supreme Court, Onondaga County (Centra, J.), entered January 23, 2003, which granted the motion of defendant Federal Home Loan Bank of New York to dismiss the complaint against it.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint against defendant Federal Home Loan Bank of New York is reinstated.
Memorandum: Plaintiff, a purchaser of accounts receivable, commenced this action against defendant Federal Home Loan Bank of New York (Federal), alleging that Federal had failed to pay three invoices that plaintiff had purchased from nonparty
*974 National Staffing, Inc. (National). Prior to the alleged default, plaintiff and National jointly executed and sent to Federal a “Blanket Notice of Payment Redirection” letter. The redirection letter concerned “payment of all current and future amounts owed by you to National,” and informed Federal that plaintiff “has or may acquire” all rights in National’s invoices payable by Federal. The redirection letter further notified Federal to direct all future payments to National to plaintiffs post office box address. That post office box was listed as plaintiffs address in the footer of the redirection letter, and the letter was signed by officers of both plaintiff and National and appeared on plaintiffs letterhead. Supreme Court granted the motion of Federal to dismiss the complaint against it based on documentary evidence (see CPLR 3211 [a] [1]), on the ground that the redirection letter was insufficient to give notice of National’s assignment of the invoices to plaintiff. We reverse. The redirection letter was sufficient to place Federal on inquiry notice that the invoices at issue had been assigned from National to plaintiff because it reasonably identifies the rights to be assigned and notifies Federal to direct payment to plaintiff’s address (see UCC 9-406; General Motors Acceptance Corp. v Albany Water Bd., 187 AD2d 894, 896 [1992]; Continental Purch. Co. v Van Raalte Co., 251 App Div 151, 152 [1937]; see also Capital Factors v Caldor, Inc., 182 AD2d 532 [1992]). If Federal had any doubt whether the payment had been assigned or concerning the proper payee (see 9-406, Comments 2, 4), it should have contacted plaintiff for proof of the assignment (see 9-406 [c]) with “reasonable promptness” (9-406, Comment 3). Because we conclude that the documentary evidence submitted by Federal does not conclusively establish a defense to the asserted claims as a matter of law (see generally Leon v Martinez, 84 NY2d 83, 88 [1994]; Technology for Measurement v Briggs, 291 AD2d 902, 903 [2002]), we reverse the order, deny the motion of Federal, and reinstate the complaint against it. Present—Green, J.P., Wisner, Hurlbutt, Kehoe and Hayes, JJ.