■ HAMILTON GROUP (DELAWARE), INC., Individually and as Successor in Interest to NATIONAL STAFFING, INC., Appellant, v CABLEVISION CORPORATION, Respondent, et al., Defendants. [769 NYS2d 425]—

Appeal from an order of Supreme Court, Onondaga County (Centra, J.), entered January 15, 2003, which granted the motion of defendant Cablevision Corporation to dismiss the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint against defendant Cablevision Corporation is reinstated.

Memorandum: We agree with plaintiff that Supreme Court erred in granting the motion of Cablevision Corporation (defendant) to dismiss the complaint against it pursuant to CPLR 3211 (a) (1) and (7). The redirection letter sent to defendant jointly by plaintiff and its predecessor in interest, National Staffing, Inc. (National), was sufficient to place defendant on inquiry notice that there had been an assignment of its account from National to plaintiff. "[T]he letter reasonably identifies the rights to be assigned and notifies [defendant] to direct payment to plaintiff's address" (*Hamilton Group v Ballard Spahr Andrews & Ingersoll*, 1 AD3d 969, 970 [2003]; *see* UCC 9-406). Thus, the complaint states a cause of action. In addition, the documentary evidence submitted by defendant does not "conclusively establish[ ] a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]; *see Technology for Measurement v Briggs*, 291 AD2d 902, 903 [2002]) because the documentary evidence submitted by defendant indicates that it remitted payment to an address other than the address specified in the redirection letter. Therefore, we reverse the order, deny the motion of defendant, and reinstate the complaint against it. Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.