■ In the Matter of CITY OF SYRACUSE INDUSTRIAL DEVELOPMENT AGENCY, Respondent, Relative to Acquiring Certain Interests in the Carousel Center Site for the Phased Public Project Known as DestiNY USA. J.C. PENNEY CORPORATION, INC., Appellant; CAROUSEL CENTER COMPANY, L.P., Respondent. (Appeal No. 1.) [822 NYS2d 209]—

Appeal from an order of the Supreme Court, Onondaga County (John V. Centra, J.), entered May 12, 2006 in a proceeding pursuant to EDPL article 4. The order, among other things, denied the cross motion of respondent J.C. Penney Corporation, Inc. to dismiss the petition, granted the petition and authorized petitioner to acquire by condemnation certain Carousel Center interests of that respondent.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Petitioner, City of Syracuse Industrial Development Agency (SIDA), commenced these proceedings pursuant to EDPL article 4 by filing a notice of petition and petition with the Onondaga County Clerk's Office on December 29, 2005, seeking condemnation of the "Carousel Center interests" of respondents-appellants (Carousel Center condemnees). Contrary to the contention of the Carousel Center condemnees, Supreme Court properly denied their respective motions and cross motions to dismiss the petitions as time-barred.

EDPL 401 (A) (3) provides in pertinent part that "[t]he condemnor [here, SIDA] may commence proceedings under [article 4] to acquire the property necessary for the proposed public project up to *three years after conclusion of the later of*: . . . (3) *entry of the final order or judgment on judicial review pursuant to section two hundred seven of this chapter*" (emphasis added). Pursuant to EDPL 207 (B), "[t]he jurisdiction of the appellate division of the supreme court *shall be exclusive and its judgment and order shall be final subject to review by the court of appeals in the same manner and form and with the same effect as provided for appeals in a special proceeding. All such proceedings shall be heard and determined by the appellate division of the supreme court, and by the court of appeals, as expeditiously as possible and with lawful preference over other matters*" (emphasis added).

Here, the court properly determined that the three-year time period set forth in EDPL 401 (A) (3) commenced on February 25, 2003, the date on which the Court of Appeals denied the motion for leave to appeal from our orders of November 15, 2002 confirming the 2002 determination and findings of SIDA to acquire certain property interests and dismissed the appeal of respondent J.C. Penney Corporation, Inc. (*Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency*, 301 AD2d 292 [2002], *lv denied* 99 NY2d 508 [2003]; *Matter of J.C. Penney Corp. v City of Syracuse Indus. Dev. Agency*, 301 AD2d 305 [2002], *lv dismissed* 99 NY2d 609 [2003]).

The Carousel Center condemnees, with the exception of Bath & Body Works, Inc., doing business as Bath & Body Works, and Borders, Inc., contend that SIDA's acquisition map fails to comply with EDPL 402 (B). We reject that contention. As the court properly determined, SIDA specifically identified the interests it seeks to acquire, and those interests are not vague and do not exceed SIDA's 2002 determination and findings. In addition, respondent H & M Hennes & Mauritz, L.P. (H & M) contends that it was not properly served with the petition, including a copy of the acquisition map. We conclude on the re-

cord before us that H & M failed to raise an issue whether it was served with proper notice through the Secretary of State.

Respondents Kaufmann's Carousel, Inc. (Kaufmann's) and Lord & Taylor Carousel, Inc. (Lord & Taylor) contend that the condemnation is improper because the City of Syracuse may be unable to undertake the Carousel project, for which the condemnation is sought. Contrary to the contention of those respondents, however, the fact that a project may not ultimately come to fruition does not negate the power of eminent domain. Rather, "[p]ursuant to the established rule, as long as the initial taking was in good faith, there appears to be little limitation on the condemnor's right to put the property to an alternate use upon the discontinuation of the original planned public purpose" (*Vitucci v New York City School Constr. Auth.*, 289 AD2d 479, 480 [2001], *lv denied* 98 NY2d 609 [2002]).

Finally, Kaufmann's and Lord & Taylor contend that the court improvidently exercised its discretion in setting the undertaking pursuant to EDPL 402 (B) (3) (f) because, in their view, the amount set was too low to afford them an appropriate level of protection. We reject that contention. Generally, "[t]he fixing of the amount of an undertaking is a matter within the sound discretion of the [court], and its determination will not be disturbed absent an improvident exercise of that discretion" (*Ujueta v Euro-Quest Corp.*, 29 AD3d 895, 896 [2006]; *see also MonsterHut, Inc. v PaeTec Communications*, 294 AD2d 945, 946 [2002]). "In determining the amount of [the] bond, [the court] will take into consideration the appraisals submitted by all of the parties" (*Mobil Oil Corp. v City of Syracuse Indus. Dev. Agency*, 224 AD2d 15, 20 [1996], *appeal dismissed* 89 NY2d 860 [1996], *lv denied* 89 NY2d 811 [1997]). Here, the court conducted a hearing and set the undertaking at a level between the undertaking values suggested by each party, and we note that neither Kaufmann's nor Lord & Taylor submitted a full appraisal of its respective leaseholds. Under the circumstances, the court acted within its sound discretion in determining the amount of the undertaking.

All concur except Hurlbutt, J.P., who dissents and votes to reverse in accordance with the following memorandum.

Hurlbutt, J.P. (dissenting). I respectfully dissent. In my view, the subject EDPL article 4 proceedings must be dismissed as untimely because they were not commenced within three years "after conclusion of . . . entry of the final order or judgment on judicial review pursuant to [EDPL 207]" (EDPL 401 [A] [3]). I disagree with the majority's conclusion that the proceedings were timely because they were commenced within three years

of February 25, 2003, the date on which the Court of Appeals denied the motion for leave to appeal of respondents Kaufmann's Carousel, Inc. and Lord & Taylor Carousel, Inc. and dismissed the appeal taken by respondent J.C. Penney Corporation, Inc. (*Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency*, 301 AD2d 292 [2002], *lv denied* 99 NY2d 508 [2003]; *Matter of J.C. Penney Corp. v City of Syracuse Indus. Dev. Agency*, 301 AD2d 305 [2002], *lv dismissed* 99 NY2d 609 [2003]). The proceedings were commenced more than three years after the November 15, 2002 orders of this Court confirming each of the condemnations challenged therein under EDPL 207 (*see Kaufmann's Carousel*, 301 AD2d 292 [2002]). I conclude that this Court's order with respect to each proceeding, and not the orders of the Court of Appeals dismissing one appeal and denying the motion for leave to appeal with respect to the other appeal, constitutes the "final order . . . on judicial review pursuant to [EDPL 207]" (EDPL 401 [A] [3]). That conclusion is compelled by the plain language of the statute, inasmuch as neither the dismissal of an appeal nor the denial of a motion for leave to appeal constitutes "judicial review" within the meaning of EDPL 401 (A) (3). Rather, by its orders, the Court of Appeals refused to review the orders of this Court and thus did not adjudicate the merits of the attempted appeals (*see Rupert v Rupert*, 97 NY2d 661, 663 [2001], *rearg denied* 97 NY2d 726 [2002]; *Matter of Conservative Party of State of N.Y. v New York State Bd. of Elections*, 88 NY2d 998 [1996]; *see generally Da Silva v Musso*, 76 NY2d 436, 440 [1990]). I note in addition that Black's Law Dictionary defines the term judicial review as, inter alia, "[a] court's review of a lower court's or an administrative body's factual or legal findings" (Black's Law Dictionary 864 [8th ed 2004]), and it defines the term appellate review as "[e]xamination of a lower court's decision by a higher court, which can affirm, reverse, or modify the decision" (*id.* at 1345).

I also agree with respondents-appellants that, because the precise leasehold rights to be taken are not now ascertainable "with reasonable certainty," the description provided by petitioner, City of Syracuse Industrial Development Agency, of the interests to be taken is impermissibly vague (*Northwest Quadrant Pure Waters Dist. No. 1 v Payne Beach Assoc.*, 38 AD2d 668, 668 [1971]; *see generally Kravec v State of New York*, 40 NY2d 1060, 1061 [1976]; *Wolfe v State of New York*, 22 NY2d 292, 295-296 [1968]; *Bell Tel. Co. of Buffalo v Parker*, 187 NY 299, 303 [1907]; *Town of Webb v Sisters Realty N. Corp.*, 168 AD2d 896 [1990]).

I therefore would reverse the orders, grant the respective mo-

tions and cross motions of respondents-appellants and dismiss the petitions. Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.