[35 NYS3d 69]

In the Matter of City of New York, Respondent, v 2305-07 Third Avenue, LLC, et al., Appellants, and Heron Real Estate Corp., Intervenor-Appellant.

First Department, July 5, 2016

## APPEARANCES OF COUNSEL

*Feerick, Lynch, MacCartney PLLC*, South Nyack (*J. David MacCartney, Jr.*, of counsel), for 2305-07 Third Avenue LLC and others, appellants.

*Meister Seelig & Fein LLP*, New York City (*Stephen B. Meister, Alexander D. Pencu* and *Michael B. Sloan* of counsel), for Heron Real Estate Corp, appellant.

*Zachary W. Carter, Corporation Counsel*, New York City (*Michael Chestnov* of counsel), for respondent.

## OPINION OF THE COURT

MANZANET-DANIELS, J.

On this appeal we consider whether the City timely commenced this proceeding pursuant to article 4 of the Eminent Domain Procedure Law (EDPL). We are in accord with Supreme Court that the proceeding was commenced within the applicable time limitation set forth in section 401 (A) (3), which provides that the condemnor must commence such proceedings within three years after the latest of, inter alia, "entry of the final order or judgment on judicial review," and we now affirm.

In June 2009, the City published a determination and findings authorizing the takings of 10 parcels (including four parcels held by the respondents) in connection with the East 125th Street Development Project and the Fifteenth Amended Harlem-East Harlem Urban Renewal Plan. The public use, benefit and purpose of the project is to eliminate blight and to redevelop the East 125th Street area.

In July 2009, parties led by Uptown Holdings, LLC, and including Heron Real Estate Corp., the intervenor in the instant proceeding (together the Uptown petitioners), commenced an original proceeding in this Court, pursuant to section 207 (A) of the EDPL, to annul the determination. By order entered October 12, 2010, this Court denied the petition,

confirmed the determination, and dismissed the EDPL 207 proceeding (*see Matter of Uptown Holdings, LLC v City of New York*, 77 AD3d 434 [1st Dept 2010], *appeal dismissed* 16 NY3d 764 [2011]).

On November 12, 2010, the Uptown petitioners filed a notice of appeal to the Court of Appeals as of right pursuant to CPLR 5601 (b), on the ground that a substantial constitutional question had been raised. By letter dated November 30, 2010, the Court of Appeals advised the parties that it would examine "its subject matter jurisdiction with respect to whether a substantial constitutional question is directly involved to support an appeal as of right." The Court invited the parties to submit letter briefs on the issue. The Court stated that pending its inquiry, the time in which to file "briefs on the merits" would be held in abeyance.

The Uptown petitioners submitted a letter asserting that their appeal presented substantial constitutional questions as to whether the takings were "in conformity with the federal and state constitutions and whether a public use, benefit or purpose will be served by the acquisition." The Uptown petitioners contended that the taking could be constitutional only if "made pursuant to a carefully formulated and integrated comprehensive development plan to which a developer is contractually bound." Petitioners maintained that the Court of Appeals had never squarely addressed the issue. The Uptown petitioners further asserted that this Court failed to address whether the record contained a rational basis for the determination of blight, the alleged basis for the takings.

The City maintained that the appeal did not involve a substantial constitutional question. The City asserted that the Uptown petitioners could not show that the proposed takings were "not rationally related to a conceivable public purpose" or that the determination was "baseless, corrupt or palpably without reasonable foundation." The City maintained that the finding of blight was "both rational and amply supported by the evidence," and therefore "indisputably a basis for the exercise of eminent domain."

In a single-sentence memorandum dated February 17, 2011, the Court of Appeals dismissed the appeal, "sua sponte, upon the ground that no substantial constitutional question is directly involved" (*Matter of Uptown Holdings, LLC v City of New York*, 16 NY3d 764, 764 [2011]).

By notice and petition filed on February 12, 2014, the City commenced this proceeding pursuant to EDPL article 4 in

Supreme Court, New York County, seeking to acquire the subject properties via eminent domain. Respondents served a verified answer on or about May 5, 2014, asserting various objections, affirmative defenses, and counterclaims. Among these, the first affirmative defense and first counterclaim contended that the City's right to proceed under EDPL article 4 accrued on October 12, 2010, the date of our denial of the EDPL 207 petition. Respondents thus argued that the petition, filed in February 2014, was untimely under the applicable three-year statute of limitations, with the underlying determination being deemed abandoned.

The City served a verified reply on June 18, 2014, contending, among other things, that the instant petition was timely because it was brought within three years of the date of the Court of Appeals' decision dismissing the appeal as of right in *Uptown Holdings*. By notice dated June 19, 2014, the City moved to dismiss respondents' affirmative defenses and counterclaims. The City reiterated that its right to file the instant petition accrued when the Court of Appeals dismissed the *Uptown Holdings* appeal, and that the instant petition was brought within the requisite three years from that date.

Supreme Court granted the City's motion to the extent of striking most of respondents' affirmative defenses and counterclaims, and denied appellants' motions for dismissal of the petition. On the key issue of "whether the accrual date of EDPL 401 (A) (3) runs from the Appellate Division order on October 12, 2010," or was "extended by the Court of Appeals' dismissal of the appeal on February 17, 2011," the motion court held that it was bound by the Fourth Department's decision in *Matter of City of Syracuse Indus. Dev. Agency (J.C. Penney Corp.— Carousel Ctr. Co., L.P.)* (32 AD3d 1332 [4th Dept 2006], *lv denied* 7 NY3d 714 [2006], *cert denied* 550 US 918 [2007]), which was squarely on point. In *J.C. Penney*, the Fourth Department held that the three-year time period set forth in EDPL 401 (A) (3) did *not* run from the date of the Appellate Division order confirming the EDPL article 2 condemnation determination, but from the date of the Court of Appeals' decisions denying and dismissing the property owners' motions for leave to appeal and purported appeal as of right (*see J.C. Penney*, 32 AD3d at 1333). The motion court accordingly held that the instant petition was timely filed on February 12, 2014, "within the three year statute of limitations set forth in EDPL [ ] 401 (A) (3)."

We agree and now affirm. As the lower court recognized, the petition is timely since it was filed within the requisite three years of the final order of the Court of Appeals dismissing the appeal of the section 207 challenge. This view is consistent with the plain meaning of and the purpose underlying the relevant statute.

EDPL 207, entitled "Judicial review," provides that any persons "aggrieved by the condemnor's determination and findings made pursuant to [EDPL 204] may seek judicial review thereof by the appellate division . . . by the filing of a petition in such court within thirty days after the condemnor's completion of its publication of its determination and findings" (EDPL 207 [A]). The court in an EDPL 207 proceeding "shall either confirm or reject the condemnor's determination and findings" (EDPL 207 [C]).

EDPL 401, entitled "Time for acquisition," prescribes the time during which a condemnor may commence proceedings "to acquire the property necessary for the proposed public project" (EDPL 401 [A]). Specifically, section 401 (A) provides that the condemnor may commence such proceedings "up to three years" after the latest of "(1) publication of its determination and findings pursuant to [EDPL 204], or (2) the date of the order or completion of [an exemption procedure under EDPL 206], or (3) entry of the final order or judgment on judicial review pursuant to [EDPL 207]" (EDPL 401 [A] [1]-[3]). Section 401 (B) provides that if the condemnor does not commence EDPL article 4 proceedings within the specified time, "the project shall be deemed abandoned, and thereafter, before commencing [EDPL article 4 proceedings,] the condemnor must again comply with the provisions of article two" (EDPL 401 [B]).

The plain and common-sense interpretation of the statute is that "the final order or judgment on judicial review" is the final order or judgment disposing of any EDPL 207 challenge and terminating judicial review. Our October 12, 2010 decision did *not* finally terminate judicial review, as the challengers filed a notice of appeal which entailed further review by the Court of Appeals. The decision of the Court of Appeals could not be known until such time as it issued its order dismissing the appeal.

Nothing in the statute supports an interpretation that "the final order or judgment on judicial review" entails a determination on the merits. If the legislature so intended, it could have

appended the language "on the merits." Section 207 (B)'s provision that the order of the Appellate Division "shall be final *subject to review by the court of appeals*" would otherwise be superfluous, contrary to familiar precepts of statutory construction.

It is evident that while an appellate division order denying a section 207 challenge is *a* final order under section 207 (B) and CPLR 5611, subject to review by the Court of Appeals, it is not "*the* final order or judgment on judicial review" unless it in fact is the final order that disposes of the section 207 challenge.

Interpreting "the final order or judgment on judicial review" to mean the final order or judgment disposing of a section 207 challenge is also the only practical and common-sense means of applying the statute, allowing for a consistent point from which to determine the running of the statute of limitations. Under appellants' interpretation, the parties would not know whether the three-year statute had begun running until after the Court of Appeals acted on a motion for leave. Indeed, Heron expressly admits that the pendency of an appeal or leave application to the Court of Appeals will cast "an inchoate shadow" over the proceedings, until the Court "dissipate[s]" the shadow by deciding whether to take the appeal. The Fourth Department, in the sole appellate case directly on point, held:

> "[T]he court properly determined that the three-year time period set forth in EDPL 401 (A) (3) commenced on February 25, 2003, the date on which the Court of Appeals denied the motion for leave to appeal from our orders of November 15, 2002 confirming the 2002 determination and findings of [the condemnor] to acquire certain property interests and dismissed the appeal of respondent J.C. Penney Corporation, Inc." (*J.C. Penney*, 32 AD3d at 1333).

While the *J.C. Penney* majority did not explain its reasons for so construing the statute, it plainly rejected the reasoning of the dissenting Justice, who, like appellants here, maintained that a Court of Appeals dismissal of an appeal or denial of leave does not constitute "judicial review" for purposes of section 401 (A), because in refusing the appeal, the Court "refused to review the orders of this Court and thus did not adjudicate the merits of the attempted appeals" (*J.C. Penney*, 32 AD3d at 1335 [Hurlbutt, J.P., dissenting]).

Appellants' reliance on *Matter of New York State Urban Dev. Corp. (TOH Realty Corp.)* (165 AD2d 733 [1st Dept 1990], *ap-*

*peal dismissed* 76 NY2d 982 [1990], *lv denied* 77 NY2d 810 [1991]) is misplaced. In *TOH Realty*, we simply noted that the appeal had been timely commenced within three years of "surviv[ing] final judicial scrutiny on May 8, 1986 [i.e., the date on which the Court of Appeals issued a determination on the merits]" (*TOH Realty*, 165 AD2d at 735). We had no occasion to rule on whether a Court of Appeals decision declining to take an appeal would constitute the requisite "judicial review," as the issue was not presented, and this Court accordingly offered no commentary on the point.

Appellants' contention that the Court of Appeals does not engage in "judicial review" when it determines that it will not hear an appeal ignores the extensive review which such determinations in fact entail. Far from having no power over the case, the Court of Appeals retains extensive control over the case, including the power to issue stays as appropriate (*see* CPLR 5519 [c]), up until the moment it issues its decision.

The determination to deny leave entails a thorough review of the issues presented in the case. The Court of Appeals' "major functions . . . include the duty uniformly to settle the law for the entire State and finally to determine its principles" (*Matter of Miller*, 257 NY 349, 357-358 [1931]). As the Court of Appeals makes clear in its Rules of Practice, leaveworthy cases are ones in which "the issues are novel or of public importance, present a conflict with prior decisions of this Court, or involve a conflict among the departments of the Appellate Division" (22 NYCRR 500.22 [b] [4]).

Hence, far from being pro forma, the Court of Appeals' determination of whether a case merits granting leave—i.e., is "leaveworthy"—entails a careful analysis of the issues presented by the case.

This careful, threshold consideration of the issues presented is also performed in cases in which a party purports to appeal as of right on constitutional grounds, or, as pertinent here, "from an order of the appellate division which finally determines an action where there is directly involved the construction of the constitution of the state or of the United States" (CPLR 5601 [b] [1]). Although it is not explicitly stated in the statute, in order to "safeguard against abuse of the right to appeal on constitutional questions" (lest creative attorneys manufacture constitutional issues in every case in which they lose in the Appellate Division) (Arthur Karger, Powers of the New York Court of Appeals § 7.5 at 226 [3d ed rev 2005]), the

predicate constitutional issue must be "substantial" (*People ex rel. Uviller v Luger*, 38 NY2d 854, 854 [1976]). Determining whether a constitutional issue is "substantial," in turn, entails an analysis very similar to the leaveworthiness analysis performed on motions for leave to appeal. As the leading commentator on Court of Appeals procedure summarized:

> The Court has . . . generally not hesitated to dismiss appeals for want of substantiality, where the settled law is to the contrary of the position urged by the appellant—as, for example, where a statute under attack has been previously sustained as against the same or equivalent constitutional objections; or where the purported constitutional question is predicated on a general claim that an allegedly erroneous decision by the courts below constituted a denial of due process; or where there is no basis for any constitutional, as distinct from some other legal, objection. (Karger, *op. cit.* § 7.5 at 227-228 [footnotes omitted].)

The Court of Appeals undertook precisely this sort of "substantiality" analysis in dismissing the appeal as of right in *Uptown Holdings*, with one Judge taking the uncommon step of writing a concurrence explaining that the constitutional issues raised by the Uptown petitioners (relating to the validity of the procedures employed by the City) were insubstantial because they were governed by well-settled precedent (*see Uptown Holdings*, 16 NY3d at 764-765 [R.S. Smith, J., concurring]).

We have considered appellants' remaining contentions and find them unavailing.

Accordingly, the order of the Supreme Court, New York County (Shlomo Hagler, J.), entered on or about August 14, 2015, which, insofar as appealed from as limited by the briefs, denied appellants' motions to dismiss the petition on the ground that it is untimely, should be affirmed, without costs. The appeal from the purported order of the same court and Justice, entered on or about September 17, 2015 should be dismissed, without costs, as taken from a nonappealable paper. The order of the same court and Justice, entered on or about February 17, 2016, should be affirmed, without costs.

MAZZARELLI, J.P., ANDRIAS, RICHTER and KAHN, JJ., concur.

Order, Supreme Court, New York County, entered on or about August 14, 2015, affirmed, without costs. Appeal from pur-

ported order, same court and Justice, entered on or about September 17, 2015, dismissed, without costs, as taken from a nonappealable paper. Order, same court and Justice, entered on or about February 17, 2016, affirmed, without costs.